EDWIN J. DOBSON, JR., INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. THE RARITAN TOWNSHIP MUNICIPAL UTILITIES AUTHORITY, A BODY PUBLIC, POLITIC AND CORPORATE, *ET AL.*, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 10, 1971—Decided June 28, 1971.

Carton, J. A. D., filed concurring opinion.

Before Judges CONFORD, KOLOVSKY and CARTON.

*Mr. William C. Nowels* argued the cause for appellant (*Messrs. Mirne, Nowels, Tumen & Fundler,* attorneys).

*Mr. Alfred L. Kettell, Jr.* argued the cause for respondent The Raritan Township Municipal Utilities Authority (*Mr. Sydney S. Souter,* attorney).

*Mr. Seymour I. Marcus* argued the cause for respondent Perkins, Kanak and Foster, Inc. (*Messrs. Levy, Levy, Albert & Marcus,* attorneys).

PER CURIAM. On April 28, 1970 the Raritan Township Municipal Utilities Authority (the Authority) awarded a contract for the construction of a sewage treatment plant to Perkins, Kanak & Foster, Inc. Two actions were instituted attacking the award of the contract, one on June 11, 1970 by Remsco Associates, Inc. and a taxpayer, the other on June 12, 1970 by plaintiffs herein, a corporate plumbing contractor and two taxpayers of Raritan Township. In each action the trial court granted summary judgment to defendants. Separate appeals followed.

In the *Remsco* action, the principal contention, unsuccessfully advanced by plaintiffs, was that under *N. J. S. A.* 40:50–1 the Authority was required not only to advertise for bids for the construction but also to award the contract to the lowest bidder, alleged to have been Remsco.

In *Remsco Associates, Inc. v. Raritan Township Municipal Utilities Authority,* 115 *N. J. Super.* 326, decided this day, we sustained the grant of summary judgment to defendants. We held not only that Remsco was not the lowest responsible bidder but also that *N. J. S. A.* 40:14B–68, a section of the Municipal Utilities Authority Law, exempted municipal utilities authorities from compliance with the bidding statute, *N. J. S. A.* 40:50–1.

The latter determination is dispositive of the sole contention advanced by plaintiffs in the present action, *viz.,* that under *N. J. S. A.* 40:9–3 the Authority was required

---

* * * in its Plans and Specifications for the erection of the treatment plant, to prepare separate Plans and Specifications for the plumbing, and gas fittings, and all kindred work; and steam and hot

water heating ventillating [*sic*] apparatus, steam power plants and kindred work, and electrical work, structural steel and ornamental iron work.

*N. J. S. A.* 40 :9–3 provides, insofar as here pertinent, that

"In preparation of plans and specifications for the erection, alteration or repair of any public building by any political subdivision of this State, when the entire cost of the work will exceed $1,000.00 in amount, the architect engineer or other person preparing the plans and specifications, shall prepare separate plans and specifications for the plumbing and gas fitting, and all kindred work, and of the steam and hot water heating and ventilating apparatus, steam power plants and kindred work, and electrical work, structural steel and ornamental iron work.

The board, body or person authorized by law to award contracts for the erection, construction, alteration or repair of any such public building, shall advertise for and receive, in the manner provided by law, (a) separate bids for each of said branches of work, and also (b) bids for all the work and materials required to complete the building to be included in a single over-all contract * * *.

Contracts shall be awarded to the lowest responsible bidder in the following manner: * * *.

We need not decide whether the construction of a sewage treatment plant is encompassed within the words "erection * * * of any public building" as used in *N. J. S. A.* 40 :9–3, for we are satisfied that in any event the section has no application to a municipal utilities authority. See *N. J. S. A.* 40 :14B–68.

It is clear from the language of *N. J. S. A.* 40 :9–3 that it applies only in situations where the political subdivision is required by a bidding statute such as *N. J. S. A.* 40 :50–1, to advertise for bids and award the bid to the lowest responsible bidder. Since we have held in *Remsco, supra,* that the relevant bidding statute, *N. J. S. A.* 40 :50–1 is not applicable to a municipal utilities authority, it follows that the restrictions of *N. J. S. A.* 40 :9–3 are likewise not applicable to it.

The judgment is affirmed.

CARTON, J. A. D. (concurring). I concur that the judgment should be affirmed. Plaintiff's action was not brought

within the time prescribed by the rules and no manifest injustice compels a consideration on the merits. Indeed, equitable and public policy considerations point in the opposite direction inasmuch as no restraints were obtained pending appeal and in the meantime this public project has now been practically completed.